UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-245 CAS |
| | ) | |
| AMES TRUE TEMPER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. This action was removed to this Court from the Circuit Court of Stoddard County, Missouri on February 19, 2008, on the basis of diversity of citizenship, 28 U.S.C. § 1332(a).

The Court's review indicates that this case was removed to the wrong division of this Court. The removal statute, 28 U.S.C. § 1441, and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Local Rule 2.07 of this Court establishes divisions within the Eastern District of Missouri. Pursuant to Local Rule 2.07(A)(3), the Southeastern Division includes Stoddard County, Missouri. This case should therefore have been removed to the Southeastern Division in Cape Girardeau rather than to the Eastern Division in St. Louis.

Where a defendant mistakenly removes an action filed in state court to the wrong district, the defect in removal may be treated as similar to an improper venue situation. 17 James Wm. Moore, et al., Moore's Federal Practice § 111.37 (3d ed. 2007). As a result, courts will transfer an action under 28 U.S.C. § 1406(a), the improper venue transfer statute, rather than remanding the case for improper removal. Id. The Local Rules also provide that the "Court in its discretion may transfer a civil action to another division pursuant to 28 U.S.C. . . . § 1406(a)." Local Rule 2.07(D).

In making the determination that this action should be transferred to the Southeastern Division, the Court does not address whether diversity jurisdiction exists, and thus whether the case was properly removed from state court.

Accordingly, on the Court's own motion,

**IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the Southeastern Division of this Court, pursuant to 28 U.S.C. § 1406(a) and Local Rule 2.07(D).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to transfer this action to the Southeastern Division and to assign it a case number accordingly.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this   4th   day of March, 2008.